UNITED STATES DISTRICT COURT FOR THE EASTERN

DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| CAMPBELL COUNTY, TENNESSEE, WILLIAM A. BAIRD, Campbell County Mayor,<br><br>    Plaintiffs,<br><br>vs.<br><br>FEDERAL HOUSING FINANCE AGENCY as Conservator for FEDERAL NATIONAL MORTGAGE ASSOCIATION and FEDERAL HOME LOAN MORTGAGE COMPANY; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and FEDERAL HOME LOAN MORTGAGE COMPANY ,<br><br>    Defendants. | ORDER GRANTING INTERVENTION AND DISMISSING CASE FOR LACK OF JURISDICTION<br><br>Case No. 3:12-cv-364<br><br>Judge Tena Campbell |

    Plaintiffs Campbell County, Tennessee and William A. Baird, Campbell County Mayor (collectively, Campbell County)[1] sued the Federal National Mortgage Association (Fannie Mae) and the Federal Home Loan Mortgage Corporation (Freddie Mac), and the Federal Housing Finance Agency (FHFA) as conservator of those two entities. Campbell County alleges the Defendants improperly claimed exemption from a Tennessee state transfer tax, Tenn. Code Ann. § 67-4-409 (Transfer Tax). In its complaint, Campbell County frames the issues as "whether the Defendants qualify for the exemptions they claim from the Transfer Tax, whether the Defendants have failed to pay applicable transfer taxes, and what amount of

---

[1] In the complaint, Campbell County stated that it brought the lawsuit on behalf of all counties or other similar collecting entities nationwide. But this case has not been certified as a class action.

transfer taxes is due and owing to the Plaintiffs and the Plaintiff class." (First Amend. Compl., Docket No. 4, ¶ 8; Second Proposed Amended Compl., Docket No. 26-2, ¶ 8.) Campbell County asks the court to declare "that the Defendants are subject to the Transfer Tax." (First Amend. Compl., Docket No. 4, at 10; Second Proposed Amended Compl., Docket No. 26-2, at 6.)

A. **Motion to Intervene**

Proposed Intervenor Richard H. Roberts, Commissioner of Revenue for the State of Tennessee (Commissioner), filed a motion to intervene. Under Federal Rule of Civil Procedure 24(a), a court is required to permit intervention by a party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties represent that interest." Fed. R. Civ. P. 24(a)(2).

The Commissioner meets all these requirements. First, the Commissioner claims an interest relating to both the transaction (assessment of taxes) and the property (monies) that are the subject of this action. Second, the Commissioner's ability to administer and collect the Transfer Tax would be impaired if this action were to proceed without his presence, which is required by Tennessee state law. See Tenn. Code Ann. §§ 67-1-1801(a)(1)(B) & -1802(c)(1). And third, because Campbell County's duties and rights over the Transfer Tax are significantly distinct from the Commissioner's, Campbell County cannot adequately represent the Commissioner in this matter. Accordingly, the court finds that the Commissioner is a mandatory intervenor under Rule 24(a).[2]

---

[2] Alternatively, the court finds that the Commissioner may intervene under Rule

B. **Motion to Dismiss**

The Commissioner also moves the court to dismiss this case for lack of subject matter jurisdiction. Under prudential and constitutional standing rules, a petitioner must be the proper party to bring the lawsuit. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992); McGlone v. Bell, 681 F.3d 718, 728 (6th Cir. 2012). If the party bringing the claim cannot demonstrate that it has standing to bring the claim, the court must dismiss the case for lack of subject matter jurisdiction. See McGlone, 681 F.3d at 728.

Campbell County does not have an enforceable right to the Transfer Tax and therefore lacks standing. Campbell County, acting as an agent for the Commissioner, does keep a small percentage of any Transfer Tax monies it collects; however, it is the Commissioner who has the legal right to enforce payment by any party that fails to properly pay the Transfer Tax—not Campbell County. Campbell County is only entitled to revenue under the Transfer Tax as determined by the Commissioner. See Twp. of Lyndhurst v. Priceline.com Inc., 657 F.3d 148, 157 (3d Cir. 2011) (holding that the township lacked standing to enforce a hotel occupancy tax because only the state tax director of taxation had direct enforcement authority). By filing this suit, Campbell County attempts to usurp the Commissioner's sole authority to assess and enforce the Transfer Tax. See id. 159.

For the reasons noted above, the Commissioner's Motion to Intervene (Docket No. 8) is GRANTED, and the Commissioner's Motion to Dismiss (Docket No. 10) is GRANTED. The

---

24(b)(2). Under that rule, the court may allow intervention by a governmental officer who administers the statute upon which a claim is based. The Commissioner is the state authority who administers the statute upon which Campbell County states its claim. So, even if the Commissioner could not qualify for mandatory intervention under Rule 24(a), the court would grant him permissive intervention under Rule 24(b)(2).

case is HEREBY DISMISSED WITH PREJUDICE, and the Clerk of the Court is directed to close the case.

SO ORDERED this 5th day of September, 2013.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
United States District Judge

ENTERED AS A JUDGMENT
   s/ *Debra C. Poplin*
CLERK OF COURT

4